The matters involved in this case question the right of the parties to use a trade name. *Page 381 
Complainant was the owner of a retail fur business at 929 (now 4539) Bergenline Avenue, Union City, New Jersey. In 1936 it sold the business to Seymour Mandell and Max Melzer. The bill of sale recites that the vendor sold to the parties of the second part, their executors, administrators and assigns, the goods and chattels mentioned in the schedule thereto annexed and "all of the good will in a certain fur business which it conducted under the name of Union Fur Shop, * * *." A subsequent clause in the bill of sale reads as follows:
"6. The party of the first part hereby grants unto the parties of the second part, the right to use the trade name such as the Union Fur Shop, or any name similar thereto, in the conduct of its business at the premises herein mentioned, * * *."
The purchasers filed a certificate of trade name designating their business as the "Union Fur Shoppe." By mesne conveyances the ownership of the business passed to the present defendant which is now conducting the business under the last mentioned name and style. In the year 1941, upon the expiration of defendant's lease, the defendant moved the business to a store five doors away from the original location. Shortly thereafter, the complainant opened a store in the original premises and now seeks to enjoin the defendant from continuing to use the designation "Union Fur Shoppe."
Complainant contends that the defendant's right to use the name in question was limited to such time as it was a tenant of the store at the original location and that since it is conducting its business five doors away no longer has the right to use the name above mentioned.
It appears from the evidence that at the time of the transaction the Union Fur Shop, Inc., was the creature of Mrs. Fannie Bernstein (formerly Guttenberg) and that the purchasers were assured that the corporation controlled by her would be wound up within a short time. While the bill of sale does not so provide, the testimony to this effect finds support in paragraph 4 of the bill of sale, wherein the seller, after agreeing not to engage in the same type of business *Page 382 
within the County of Hudson for a period of five years, "retains to itself the right to do all those things which may be necessary to wind up its present business." Equity will admit parol evidence for the purpose of showing facts which control the operation of an instrument in order to prevent an unfair advantage by one party over another by the use of the parol evidence rule. Verdi v. Jefferson Trust Co., 123 N.J. Eq. 446.
I have, therefore, concluded that the language of paragraph 6 was not intended to limit the right to the use of the name in question but was intended merely to protect the purchasers in their contemplated use of the name during the time that the complainant corporation was being dissolved.
Defendant filed a counter-claim wherein it charged that the complainant was guilty of unfair competition by reason of the fact that immediately following the defendant's removal, the complainant (which has been dormant since the sale in the year 1936) opened a shop at the original location and began competition with the defendant under the name of "Union Fur Shop, Inc." The evidence is clear that complainant prominently displayed the name "Union Fur Shop, Inc.," on its windows and awnings. I am satisfied that there has been a complete lack of good faith on the part of Mrs. Bernstein, who still controls the complainant corporation, and that the renewed use of the name by her is a clear case of an attempt to make people believe that complainant's business is that of the defendant. This conduct, on the part of the complainant, is definitely in violation of the settled law governing unfair competition and should be restrained. *Page 383